PETERS, R. TIMOTHY,
Associate Judge, Concurring specially.
I concur without reservation and add these comments. Patrick Wolfs primary response to the charge of residential burglary, simply stated, was that he had a right to be in the home; he had been wrongly evicted. That is an affirmative defense addressed by element 3 of Florida Standard Jury Instruction 13.1. Arguably, a special instruction containing specific, applicable provisions of the Florida Residential Landlord and Tenant Act together with such other principles of law as may be required to make any such special instruction both accurate and complete could have been given to augment the standard instruction. However, no such instruction was presented or requested. The special instruction that was requested was confusing, misleading, and incomplete. Mr. Wolf was not entitled to any such instruction. To compound the difficulty, Mr. Wolfs counsel rejected element 3 of the standard instruction as inapplicable; she wanted the special instruction read and element 3 not read. Had that been done, the resulting jury instruction on burglary would have been incomprehensible. There was no abuse of discretion by the trial court in refusing to give the requested special instruction.